# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SUSAN K.,[1]

        Plaintiff,    :

v.                             **Case No. 2:22-cv-3806**
                                  **Judge Sarah D. Morrison**
                                  **Magistrate Judge Kimberly A. Jolson**

**COMMISSIONER OF**
**SOCIAL SECURITY,**      :

        **Defendant.**

## ORDER

Plaintiff brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security period of disability and disability insurance benefits. (ECF No. 6.) Plaintiff filed her Statement of Specific Errors on April 12, 2023. (ECF No. 12.) The Commissioner filed a Memorandum in Opposition (ECF No. 14), and Plaintiff filed a Reply (ECF No. 15). On October 10, 2023, the Magistrate Judge issued a Report and Recommendation, recommending that the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's denial of benefits. (R. & R., ECF No. 16.) Plaintiff timely filed her Objections to the Magistrate Judge's Report and Recommendation. (Objs., ECF No. 17.)

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"After the Appeals Council reviews the ALJ's [Administrative Law Judge] decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]").

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if [this Court] would decide the matter differently." *Olive,* 2007 WL 5403416, at *2 (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)). Though substantial evidence may support an ALJ's decision, the Court will not uphold it when the Commissioner "fails to follow its own

2

regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Brittney B. v. Comm'r of Soc. Sec.*, No. 2:22-CV-3908, 2023 WL 5349520, at *2 (S.D. Ohio Aug. 21, 2023) (Vascura, M.J.) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)); *see also Burba v. Comm'r of Soc. Sec.*, No. 1:19-CV-905, 2020 WL 5792621, at *4 (N.D. Ohio Sept. 29, 2020) (observing that "the ALJ's discussion of the consistency factor could have been more clear" but holding that "even if the ALJ did not fully comply with 20 C.F.R. § 404.1520c, any error was harmless because her decision met the goals of the regulation").

The Court has carefully reviewed the record in this case and concludes that ALJ Flottman's decision is supported by substantial evidence and was made pursuant to the proper legal standards. The issues Plaintiff raises in her Objections—particularly the supportability of medical opinions about Plaintiff's visual acuity—were considered and correctly addressed by the Magistrate Judge. Specifically, the Court agrees with the Magistrate Judge that ALJ Flottman sufficiently evaluated supportability when she deemed those opinions unpersuasive because they seemed to be "based on uncorrected vision and did not address corrected visual acuity." (R. & R., PAGEID # 795–96, 798.) Under the applicable Social Security regulations, visual acuity is determined using a claimant's *best-corrected* vision (*see, e.g.*, SSA POMS, DI 34001.012, Special Senses and Speech – Adult), yet the medical consultants pointed only to measurements of Plaintiff's *uncorrected* vision to support their opinions about her visual acuity deficits. Because

3

such measurements are less relevant to the visual acuity determination, ALJ Flottman found the opinions unpersuasive—a proper evaluation of their supportability.[2]

The Court further agrees with the Magistrate Judge that "any error in the ALJ's treatment of the medical consultants' opinions about visual acuity is harmless." (R. & R., PAGEID # 800.)  Beyond stating that her "residual functional capacity could have been materially altered and ultimately more restrictive" (Objs., PAGEID # 807), Plaintiff does not articulate how a finding that the ALJ erred would change the disability determination. ALJ Flottman's decision also "met the goals of the regulation" when it attacked (even if indirectly) the supportability of the visual acuity opinions. *Burba*, 2020 WL 5792621, at *4.

Finally, Plaintiff argues that the Magistrate Judge acted "in clear violation of the express language of the controlling regulation" when she "create[d] a judicial rule that relieves all ALJs from considering and discussing the supportability factor." (Objs., PAGEID # 805.) Plaintiff takes issue with the Magistrate Judge's recognition of an "inherent lack of clear delineation between supportability and consistency" in cases with opinions from reviewing experts—and that an ALJ may thus satisfy the regulation even when "unable to consider supportability without

---

[2] Plaintiff argues that "[t]here is no reason" to conclude that the medical experts' opinions were based on her uncorrected vision. (ECF No. 12, PAGEID # 767–68.) But the Magistrate Judge explained in detail the reasonableness of and support for such a conclusion. (R. & R., PAGEID # 797.) Where "substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)).

4

simultaneously addressing consistency, and vice versa." (R. & R., PAGEID # 794.) According to Plaintiff, this reasoning amounts to "conflating the two factors" and "establishes a *per se* bright line rule" against the evaluation of supportability. (Objs., PAGEID # 805.)

The Court disagrees. The Magistrate Judge has in no way "relieved" ALJs from assessing supportability—to the contrary, the Magistrate Judge underscored an ALJ's "duty to evaluate the supportability of the medical consultants' findings" and affirmatively found that ALJ Flottman "fulfilled" that duty. (R. & R., PAGEID # 796.) Moreover, it is the very role of the judiciary to interpret and apply the law. *See, e.g.*, *Marbury v. Madison*, 1 Cranch 137, 177, 2 L.Ed. 60 (1803). This principle is especially salient when a court interprets a statute that has been recently modified or altered, such as 20 C.F.R. § 404.1520c. To the extent Plaintiff finds problematic the Magistrate Judge's engagement in judicial review and interpretation, the objection is not well taken.

Accordingly, the Court **OVERRULES** Plaintiff's Objections (ECF No. 17), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16), and **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**